COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

HOLLY HOPE DONALDSON,
)
 No. 08-02-00291-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 203rd District Court

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# f-0136895IP)


O P I N I O N



 Holly Hope Donaldson challenges the trial court's denial of her pretrial motion to suppress. 
 In two issues, appellant contends the search of her vehicle violated the United States Constitution's
Fourth Amendment and Texas' corresponding constitutional provision. We affirm.

I


 Appellant pled nolo contendere to a reduced misdemeanor offense of possession of
marijuana, pursuant to a plea agreement. The court accepted the plea and ordered deferred
adjudication, placing appellant on community supervision for one year.

 Appellant was a passenger in a vehicle that was subject to a pretext police stop. The driver
of the vehicle was arrested for an outstanding traffic violation warrant. Appellant was seated in the
right front passenger seat and claimed ownership of the vehicle. The vehicle was searched incident
to the driver's arrest and the search produced a blue plastic bag containing marijuana, found under
in the floorboard approximately where the passenger's feet would be. Appellant then too was
arrested.

II


 We review a motion to suppress evidence by both an abuse of discretion and de novo
standards. Guzman v. State, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997). Purely factual questions,
based upon evaluation of credibility and demeanor of witnesses, requires application of the abuse
of discretion standard. Id. at 89. Mixed questions of law and fact, not dependent on credibility or
demeanor, are reviewed de novo. Id. We examine the evidence in the light most favorable to the
trial court's ruling. State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). In a suppression
hearing, the trial court is the sole finder of fact. Pace v. State, 986 S.W.2d 740, 744
(Tex.App.--El Paso 1999, pet. ref'd). The trial judge may believe or disbelieve any of the evidence
presented. Id. at 744. The totality of circumstances is considered in determining whether the trial
court's findings are supported by the record. In re D.A.R., 73 S.W.3d 505, 509 (Tex. App.--El Paso
2002, no pet.), citing Brewer v. State, 932 S.W.2d 161, 166 (Tex.App.--El Paso 1996, no pet.).

III


 Under her first issue invoking the Fourth Amendment, appellant admits that the 22- year-old
holding in Belton authorizes the search of a vehicle based on the fact that a recent occupant was
placed under custodial arrest without consideration for probable cause. New York v. Belton, 453 U.S.
454, 461-462 (1981). She argues that the more recent holding in Houghton required probable cause
for the search of the passenger compartment. Wyoming v. Houghton, 526 U.S. 295, 298-300 (1999). 
She further argues that Houghton does not cite Belton. However, as the State argues, Houghton dealt
with the issue of whether the police had probable cause to believe there were illegal drugs in the
automobile. Houghton, 526 U.S. at 299-300. Thus the issue was whether the search was justified
under the automobile exception of Carroll v. United States, 267 U.S. 132, 158-159 (1925). 
Houghton holds that when police have probable cause to believe a vehicle contains contraband, the
automobile and passenger belongings in the car capable of concealing the object of the search, could
be searched. Houghton, 526 U.S. at 299-302. The Belton scenario of a search incident to arrest,
such as we have here, was not in issue. See id. Appellant asks us to abandon or limit the holding
of Belton. We decline. Appellant's first issue is overruled.

 In her related second issue, appellant argues that in the context of this seizure, the Texas
Constitution affords her more protection than the Fourth Amendment. Such is not the case. In Hulit,
our highest court held:

 We understand that our holding means that Section 9 of our Bill of Rights does not
offer greater protection to the individual than the Fourth Amendment to the United
States Constitution, and it may offer less protection. But our holding is the
construction that is faithful to the Constitution which our people have adopted, and
it is our duty to interpret that Constitution independent of the interpretations of
federal courts. (Citing Heitman v. State, 815 S.W.2d 681, 690 (Tex.Crim.App.
1991)).


Hulit v. State, 982 S.W.2d 431, 436-437 (Tex.Crim.App. 1998). As recently as last year, Belton was
cited as still good authority. See Welch v. State, 93 S.W.3d 50, 59 (Tex.Crim.App. 2002)(J. Womack
concurring). We have recently held that Article I, section 9, does not offer greater protection to an
individual than the Fourth Amendment of the federal constitution, but will be interpreted
independently. Sandoval v. State, 35 S.W.3d 763, 769 (Tex.App.--El Paso 2000, pet. ref'd). 
Appellant submits that where the arrest of a non-owner driver was for an unrelated traffic warrant,
we should espouse a new rule of law limiting the application of Belton. She argues persuasively, that
without the requirement of probable cause, there ought be at least some level of indicia to
substantiate police intrusion upon the property and privacy rights of a passenger, especially where
there is no reasonable suspicion associated with the passenger. She asserts the Texas constitution
recognizes the people's security in their houses and possessions in terms more imperative than the
Fourth Amendment. When the police have no fear of weapons, there are no furtive gestures, and the
original pretext stop is based on a hunch, can such a search still be "reasonable?" Given the course
set by the Court of Criminal Appeals and even this court, precedent requires we respectfully decline
appellant's invitation to revisit the issue in this case. (1)

 Appellant's second issue is overruled. The judgment of the trial court is affirmed.



September 25, 2003 

 DON WITTIG, Senior Justice

 

Before Panel No. 5

Barajas, C.J., Larsen, and Wittig, JJ.

(Wittig, J., sitting by assignment)


(Do Not Publish)
1. Indeed, that appellant was able to secure deferred adjudication, given the amount of
contraband found, speaks loudly to appellant's argument.